*Filed in open court. JMS 12/13/16*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal Action No. 15-45-3-SLR |
| Richard CEPHAS, : | |
| Defendant. : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware, Jennifer K. Welsh, Assistant United States Attorney for the District of Delaware, and Christopher L. de Barrena-Sarobe, Special Assistant United States Attorney for the District of Delaware, and the Defendant, Richard Cephas, by and through his attorney, William Rhodunda, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The Defendant agrees to enter a guilty plea to Count Two of the Superseding Indictment. Count Two charges him with conspiracy to distribute, and to possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and Section 846. The maximum penalty for Count Two is a mandatory minimum of ten years and up to a lifetime of imprisonment; a $10,000,000 fine; at least five (5) years of supervised release; and a $100 special assessment.

2. The Defendant acknowledges that the elements of Count Two, conspiracy to distribute, and to possess with intent to distribute, a mixture and substance containing cocaine, are

1

as follows: (1) that two or more persons agreed to distribute and to possess with intent to distribute a mixture and substance containing cocaine, a Schedule II controlled substance; (2) that the Defendant was a member of that agreement; (3) the Defendant joined the agreement or conspiracy knowing of its objectives to possess with intent to distribute and distribute a mixture and substance containing cocaine, and intending to join together with at least one other alleged conspirator to achieve those objectives; and (4) that the conspiracy involved five (5) or more kilograms of a mixture and substance containing cocaine, all of which was reasonably foreseeable to the Defendant. The Defendant knowingly, voluntarily and intelligently admits his guilt to each of the above described elements of Count Two of the Superseding Indictment.

3. The Defendant is pleading guilty to the charge contained in Count Two of the Superseding Indictment because he is, in fact, guilty.

4. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, a two offense level reduction under U.S.S.G. § 3E1.1(a) for the Defendant's affirmative acceptance of responsibility is appropriate. If the Defendant's offense level is 16 or greater, the United States will recommend an additional one point reduction under U.S.S.G. § 3E1.1(b).

5. The government and the defendant acknowledge and agree to be bound by the terms of a sealed supplement to this Memorandum of Plea Agreement, filed with the Court on or before the date of the Rule 11 hearing, and agree that the sealed supplement is incorporated in its entirety as if fully set forth herein.

6. The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but

not limited to, an appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, or a motion under 28 U.S.C. §2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the government appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

7. If the Defendant is incarcerated as part of his sentence, and if Defendant has unpaid special assessment, fine, or restitution obligations when the Defendant begins his period of incarceration, Defendant agrees to enter voluntarily the United States Bureau of Prisons administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the Defendant's prison salary and apply it on the Defendant's behalf to the payment of the outstanding debt owed.

8. The Defendant agrees to forfeit any and all interests in property constituting or derived from proceeds obtained directly or indirectly as a result of the violation alleged in Count Two of the Superseding Indictment and/or property that facilitated the commission of the violation set forth in Count Two of the Superseding Indictment ("the Property"). The Defendant agrees to waive any and all interests in any such Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The Defendant agrees to consent to the entry of orders of forfeiture for such Property and waives the requirements of Federal Rule of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the Defendant's presence at sentencing, and incorporation of the forfeiture in the judgment. The Defendant acknowledges that he understands that forfeiture of the

Property, if the government elects to conduct the forfeiture criminally, will be part of the sentence imposed upon the Defendant in this case, and the Defendant waives any failure by the Court to advise the Defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the Defendant will promptly consent to the preliminary order of forfeiture becoming final as to the Defendant before sentencing if requested by the government to do so.

9. The Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct giving rise to forfeiture.

10. The Defendant understands that the District Court must consider the United States Sentencing Guidelines, applicable mandatory minimums, and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The Defendant also understands that the ultimate determination of an appropriate sentence will be up to the Court. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The Defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the Sentencing Guidelines, or otherwise different than the Defendant expected, or contrary to the recommendation of his attorney or the United States, the Defendant will not be allowed to withdraw his guilty plea on that basis.

11. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever unless they comport with the written modification requirements of this Paragraph.

CHARLES M. OBERLY, III
United States Attorney

_____  BY: _____
William Rhodunda, Esq.                Jennifer K. Welsh
Attorney for Defendant                Assistant United States Attorney

                                      Christopher L. de Barrena-Sarobe
_____         Special Assistant United States Attorney
Richard Cephas
Defendant

Dated: 12/13/2016

AND NOW, this __13th__ day of __December__, 2016, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Sue L. Robinson
United States District Court

5